COHEN v. UNITED STATES.

(Circuit Court, S. D. New York. June 28, 1910.)

No. 5,117.

CUSTOMS DUTIES (§ 35*)—CLASSIFICATION—SILK ORGANZINE—DAMAGED GOODS
—"ORGANZINE"—"SILK WASTE."

Silk organzine, damaged in dyeing, is not by reason of the damage re-
moved from the provision for "organzine," in Tariff Act July 24, 1897, c.
11, § 1, Schedule L, par. 385, 30 Stat. 185 (U. S. Comp. St. 1901, p. 1668),
and is classifiable as such, rather than as "silk waste," under section 2,
Free List, par. 661, 30 Stat. 201 (U. S. Comp. St. 1901, p. 1688).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 35.*]

On Application for Review of a Decision by the Board of United
States General Appraisers.

Comstock & Washburn (George J. Puckhafer, of counsel), for im-
porter.

D. Frank Lloyd, Asst. Atty. Gen. (Martin T. Baldwin, Sp. Atty., of
counsel), for the United States.

HAZEL, District Judge. The merchandise, which consists of dyed
silk in skeins, was classified by the collector and assessed with duty as
"silk organzine," at 30 per cent., under paragraph 385 of the tariff act
of 1897 (Act July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 185 [U. S.
Comp. St. 1901, p. 1668]), and the Board of General Appraisers af-
firmed such classification. The petitioner contends that the merchan-
dise should be free of duty under section 2, Free List, par. 661, 30
Stat. 201 (U. S. Comp. St. 1901, p. 1688), as "silk waste."

Although additional testimony was taken in this court concerning
the trade meaning of the phrase "silk waste," yet I am satisfied, as
was the Board, that the goods became damaged, probably in the pro-
cess of dyeing, and known to the trade as damaged or cut skeins, but
not as silk waste. The use to which the merchandise is put in its
damaged condition does not destroy its character or identity as or-
ganzine. The Board in its decision says:

"We know of no reason for excluding this article, which retains its
character and identity as organzine, from the denominative provision therefor
in paragraph 385, which could not with equal propriety be urged to change the
classification of any article, if such article when imported is damaged or im-
perfect. In some instances silk fabrics are imported in a damaged or im-
perfect condition, but they are nevertheless classified under the provision in
paragraph 387 for woven silk fabrics; and the same is true of embroideries
which are in a damaged or imperfect condition, but which are classified as
embroideries."

A number of adjudications are cited in support of this view. The
importer contends that such decisions are inapplicable to the facts of
this case, but I think they support the proposition that organzine which
is damaged in dyeing is still subject to classification as organzine.

Hence it follows that the article was properly assessed for duty, and
the decision of the Board is affirmed.